**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1942
_____

BITON, a/k/a BITTON, a/k/a REDFORD; a/k/a FHIMA FAMILY
Appellant

v.

UNITED STATES OF AMERICA; UNITED CONTINENTAL AIRLINES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-01764)
District Judge: Honorable Kevin McNulty
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 12, 2019
Before:  RESTREPO, PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Danielle Biton, proceeding pro se, filed a complaint against the United States and United Airlines. The allegations in the complaint and amended complaints are difficult to decipher, but it appears that Biton espouses a conspiracy theory that implicates the President, multiple attorneys general, and many large banks. She complained that the President had somehow enslaved her and others by invading their privacy and deporting their families, that the FBI falsely arrested her and her family, and that United Airlines stole her fingerprints in violation of the Constitution. The District Court granted United Airlines' motion to dismiss and dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Biton appealed.

This Court has jurisdiction under 28 U.S.C. § 1291. We construe Biton's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013). The District Court did not err in holding that Biton's original and amended complaints do not state any plausible claims. They rely on "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 328 (1989), and Biton has provided only bald accusations without any supporting details. Moreover, United Airlines, a private actor, cannot be held liable under the Constitution in this instance. Skinner v. Ry. Labor Execs.' Ass'n.,

2

489 U.S. 602, 614 (1989). As the District Court first pointed out, no facts in the complaint support any federal cause of action.[1]

Accordingly, because this appeal presents no substantial question, we will affirm the judgment of the District Court.[2] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] Because Biton was proceeding in forma pauperis, sua sponte dismissal of the complaint with respect to the United States, which had not submitted a motion to dismiss, was appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] Biton's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).